**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| TONY HENRY CASEY, § <br> TDCJ # 00402530, § <br> § <br> Petitioner, § <br> § <br> VS. § <br> § <br> LORIE DAVIS, Director, Texas § <br> Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | CIVIL ACTION NO. 3:18-00130 |

## MEMORANDUM OPINION AND ORDER

Petitioner Tony Henry Casey, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Casey proceeds *pro se*. Respondent has filed a motion for summary judgment (Dkt. 16) along with a copy of the state court records (Dkt. 15). Casey filed a response (Dkt. 32). After considering the pleadings and filings, the applicable law, and all matters of record, the Court will **dismiss** Casey's claims for the reasons explained below.

### I. BACKGROUND

In 1985, Casey was convicted of murder in the 183rd Judicial District Court of Harris County, case number 425325, and was sentenced to 30 years in TDCJ (Dkt. 16-1). In 1989, while incarcerated, Casey was convicted of aggravated assault with a deadly weapon in the 3rd Judicial District Court of Anderson County, case number 20,126. The

court sentenced him to eight years in TDCJ, to commence "[w]hen the sentence in Cause Number 425325 . . . ceases to operate" (Dkt. 15-2, at 53).[1] Casey's habeas petition does not challenge either conviction.

On August 1, 2012, Casey was released to mandatory supervision (Dkt. 16-6). Respondent submits an affidavit from Brittney Vest, Program Supervisor III for TDCJ's Classification and Records Department, who has reviewed Casey's time records (Dkt. 16-2). Vest explains that "Mandatory Supervision is a type of release from prison for offenders convicted of certain offense when the combination of actual calendar time served and good conduct time equals the prison term" (*id*. at 4 (citing TEX. GOV'T CODE § 508.147 to § 508.149)). She states that Casey was eligible for mandatory supervision on his 1985 murder conviction, based on the law in effect at the time of his offense, but was ineligible on his 1989 aggravated assault conviction (*id*. at 4-5 (citing, *inter alia*, *Ex parte Thompson*, 173 S.W.3d 458, 459 (Tex. Crim. App. 2005)). For an inmate like Casey who had one offense before September 1, 1987 and another offense on or after September 1, 1987, the Texas Court of Criminal Appeals decided in 2008 that the sentences must be treated as one cumulative sentence for calculation of the inmate's release date. *See Ex parte Forward*, 258 S.W.3d 151 (Tex. Crim. App. 2008).[2] Vest explains the impact of *Forward* on cases like Casey's:

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

[2] In 1987, between Casey's two convictions, Texas law regarding consecutive sentences changed to require that parole eligibility be calculated separately for each sentence, rather than

> Consecutive sentences involving both pre- and post-09/01/1987 offenses are added together (cumulated) and treated as one unit (cumulative sentence) for the purpose of determining parole eligibility and the discharge date. *Ex parte Forward*, 258 S.W.3d 151, 155 (Tex. Crim. App. 2008). In order to determine the final mandatory supervision date, however, the projected release date for all mandatory-supervision-eligible sentences is calculated, and then the length of all mandatory-supervision-ineligible sentences is added to that date to arrive at a final mandatory supervision release date. *Id*.

(Dkt. 16-2, at 4-5). In Casey's situation, Vest explains, the calculations on his two sentences resulted in a release date of August 1, 2012:

> Offender Casey's mandatory supervision date for the eligible sentence, cause number 425325, was calculated as 08/01/2004. Offender Casey was not released on this date because of the consecutive 8-year sentence in cause number 20,126, which is not eligible for mandatory supervision. Offender Casey, therefore, had to serve 8 years past the calculated date of 08/01/2004 before release to mandatory supervision. Offender Casey was released from TDCJ custody to mandatory supervision on 08/01/2012. Offender Casey's discharge date on the 38-year aggregate sentence was calculated at the time of his release to mandatory supervision as 09/04/2022.

(*id*. at 5) (citations omitted).

Petitioner argues in his federal petition that the calculation of his release date based on the aggregate 38-year sentence was error and that his sentences should have

---

adding the sentences together into an aggregate sentence. This change was explained by the Texas Court of Criminal Appeals in *Forward*:

> Before September 1, 1987, consecutive sentences were added together and treated as one sentence for the purpose of determining eligibility for release on parole and mandatory supervision and for the purpose of determining an inmate's final discharge date. This treatment was based upon the definition of 'term' found in Article 6181–1. Beginning September 1, 1987, parole eligibility is calculated separately for each sentence, and mandatory supervision eligibility is calculated only for the final sentence in the series.

*Id*. at 152-53 (internal quotation marks and footnotes omitted).

been calculated separately. *See, e.g.*, Dkt. 32, at 5-6 (arguing that TDCJ erred when it "failed to treat his two sentences sep[a]rately" and "currently has petitioner serving '38' year sentence incorrectly"); Dkt. 2, at 5 (arguing that officials erred when they released him on a single 38-year sentence). Casey also argues that he was "erroneously paroled" on his 8-year sentence in 2012 (Dkt. 1, at 7). Respondent argues that, as set forth in the Vest affidavit, Casey's aggregate 38-year sentence was correct under *Forward* (Dkt. 16, at 16-20).

On December 7, 2016, the Texas Board of Pardons and Paroles (the "Board") revoked Casey's parole (Dkt. 16-2, at 6). Respondent submits an affidavit from Angela Nation, Section Director of Review and Release Processing for TDCJ's Parole Division, who explains that Casey's parole was revoked because, after a hearing, "the Board determined that Offender Casey had violated two conditions of his mandatory supervision" (Dkt. 16-3, at 3-4). In particular, the hearing officer sustained violations based on Casey's failure to report to his parole officer on two occasions (September 9 and 14, 2016) and on a misdemeanor conviction for possession of marijuana (*id*. at 5, 17-19). Casey testified at the hearing that his problems were due to homelessness and lack of medication (*id*. at 20). Nation avers that the revocation process complied with due process requirements and presents the Board's records showing that Casey received notice of the hearing, attended a hearing in person before a neutral officer, was represented at the hearing by his appointed attorney, presented his own testimony in mitigation, and had the opportunity to present evidence (*id*. at 5-7 (citing *Morrissey v. Brewer*, 408 U.S. 471, 488-89 (1972)); *id*. at 9-25 (revocation records). The Board

decided to revoke Casey's parole based on the recommendations of the hearing officer, the parole officer, and the Board analyst (*id*. at 5, 23-25).

Upon revocation, Casey forfeited 3 years, 9 months, and 2 days of "street time."[3] Vest explains that Casey forfeited the time because in 2016, when his parole was revoked, he was still serving his murder sentence, which had been aggregated into a single 38-year sentence when he was released in 2012. Under Texas statute in effect in 2016, at the time of his revocation, Casey was not eligible for street-time credit because he was serving a sentence for murder:

> Because Offender Casey was serving a sentence for an offense listed under Texas Government Code, Section 508.149(a), murder, at the time of revocation, he was not eligible for street-time credit and was charged with out of custody for time spent on supervision: 3 years, 9 months, and 2 days. Tex. Gov't Code § 508.283(b).

(Dkt. 16-2, at 6).

Casey disputes Respondent's position that he was still serving his murder sentence in 2016, when his parole was revoked. He argues that by the simple operation of time,

---

[3] Casey was released to mandatory supervision on August 1, 2012, and revoked approximately 4 years and 4 months later, on December 7, 2016. During his release period, he served several stints in jail when authorities issued, but later withdrew, pre-revocation warrants against him on four occasions (Dkt. 16-2, at 3, 5-6). He was arrested on a fifth pre-revocation warrant on November 3, 2016 and, after revocation proceedings, was returned to TDCJ custody (*id*. at 6; Dkt. 16-4). Because he had served jail time during his release, the amount of street-time credit forfeited was less than his total release period.

After revocation, Casey's maximum expiration date on his sentence is June 5, 2026. Vest states that, as of June 27, 2018, the earliest date he could be released to mandatory supervision was May 28, 2020, subject to fluctuation depending on his accumulation of good time credits (Dkt. 16-2, at 5). TDCJ's publicly available online records currently reflect a "projected release date" of April 29, 2020. *See* Offender Information Details, available at https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=03542280 (last visited Aug. 26, 2019).

his 30-year sentence for murder, imposed in 1985, expired and was fully discharged in 2015 while he was out on parole (Dkt. 2, at 4-5; Dkt. 32, at 5). He also argues that his street-time credit from 2012-16 was improperly forfeited and should have been factored into his 8-year sentence, and therefore that he currently should be eligible for mandatory supervision release on his 8-year sentence (*id*. at 5-6).

On April 24, 2017, Casey filed an administrative time credit dispute with TDCJ arguing that his credits had been calculated incorrectly. Eight days later, on May 1, 2017, TDCJ issued a "final certification decision" informing Casey that he had not submitted all required information (Dkt. 15-2, at 25). The record before the Court does not indicate that Casey ever submitted further information.

On December 21, 2017, Casey executed an application for state habeas relief (Dkt. 15-2, at 5-23), which was docketed in the in the Anderson County trial court on January 5, 2018 (*id.* at 5). Respondent presents evidence that Casey delivered the application to jail authorities for mailing on December 28, 2018 (Dkt. 16-5). Casey's application raised one claim, which argued that the 2012 release based on an aggregate sentence was "erroneously" and "illegally" calculated and that he had been denied street-time credit.[4] The trial court did not issue findings of facts and conclusions of law (Dkt. 15-2, at 2). On March 28, 2018, the Texas Court of Criminal Appeals denied Casey's application without written order (Dkt. 15-1).

---

[4] *See* Dkt. 15-2, at 11 (state habeas claim states, "4 yrs. 4 months credits denied[.] TDCJ erroneously and illegally released [Casey] on 8/1/2012 on 30 yr. sen[tence] with a '8 yr sen[tence] cumulatively attached.' [Casey] was revoked and returned on 12/27/2016. TDCJ never paroled the 8 yr. consecutive sentence in violation [of] Art. 42.08/Gov't 508.150").

On April 25, 2018, Casey executed his federal habeas petition, which was docketed in this Court on April 30, 2018 (Dkt. 1). He raises four claims regarding his 2012 release, his 2016 revocation, and the calculation of time credits on his sentences:

1. Officials "erroneously parole[d]" Casey in 2012 "as a 38 [year] single sentence" before Casey was eligible for parole on his 8-year sentence, and denied him street-time credit for the "erroneous release" when his parole was revoked in 2016;

2. Casey is eligible under a previously effective statute for release on mandatory supervision for his 8-year sentence, but officials have denied release;

3. Officials are illegally incarcerating Casey after his 2016 revocation because his 30-year sentence for murder "expired on parole in 2015";

4. Officials illegally denied Casey release on mandatory supervision for his 8-year sentence and failed to apply "old law," in violation of the Ex Post Facto Clause.

(*id*. at 6-7). Casey has filed a supporting memorandum (Dkt. 2). Respondent seeks dismissal of all of Casey's claims.

## II. LEGAL STANDARDS

### A. *Pro Se* Pleadings

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (internal quotation marks and citation omitted). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id*.

## B. Summary Judgment Standard in Habeas Corpus Proceedings

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, AEDPA modifies summary judgment principles in the habeas context, and Rule 56 "applies only to the extent that it does not conflict with the habeas rules." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004); *see Torres v. Thaler*, 395 F. App'x 101, 106 n.17 (5th Cir. 2010).

## III. ANALYSIS

Respondent seeks summary judgment based on the statute of limitations (Claims 1, 3, and 4) and failure to exhaust available remedies (Claims 2 and 4). Respondent also argues that all of Casey's claims fail on the merits.

### A. Claims 1, 3, and 4

Because Casey filed this habeas petition after the April 24, 1996 effective date for the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), his federal

habeas petition is subject to the AEDPA's one-year limitations period. The limitations period runs from the latest of four accrual dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id.* § 2244(d)(2).

Respondent argues that Claims 1, 3, and 4 are time-barred under § 2244(d)(1)(D) because their factual predicate could have been discovered more than one year before Casey's petition was filed.[5] Casey does not directly address Respondent's arguments regarding the factual predicate, instead asserting that § 2244(d) does not apply to his claims.[6] However, AEDPA's one-year limitations period applies to all petitions filed

---

[5] Casey asserts neither a state-created "impediment" to filing for habeas relief nor a constitutional right "newly recognized . . . and made retroactively available" by the Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(B) & (C).

[6] *See* Dkt. 32, at 1 (arguing in summary judgment briefing that his claims "should not be

under 28 U.S.C. § 2254, including petitions regarding time credits. *See Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002); *Williams v. Johnson*, 253 F.3d 706, 2001 WL 598736 (5th Cir. 2001).

In this case, the one-year period began to run for Claims 1, 3, and 4 on December 7, 2016, when Casey's parole was revoked, at the latest.[7] At the time of revocation, Casey could have discovered that he had been denied street-time credit based on his aggregate sentence (Claim 1), that he was still serving his 1985 murder sentence (Claim 3), and that TDCJ had denied him mandatory supervision release on his 8-year sentence (Claim 4). Therefore, under § 2244(d)(1)(D), the one-year limitations period ran from Casey's revocation on December 7, 2016 and ended on Thursday, December 7, 2017. Casey's petition in this Court, executed on April 25, 2018, is time-barred unless a statutory or equitable exception applies.

AEDPA's limitations period is tolled by a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Respondent acknowledges that Casey's filing period for Claims 1 and 3 was tolled by his administrative time credit dispute resolution form, which was pending for 8 days (Dkt.

---

dismissed with prejudice as time barred because he is not challenging his conviction" but instead "the time credit that is mandatory applied by law towards both his sentences"); *id*. at 6 (arguing that the statute of limitations "does not apply to me because I'm not challenging a conviction[]"). Casey also asserts that he has complied with § 2244(d). *See* Dkt. 1, at 9 (in section of form petition regarding timeliness of his claims, Casey states that he is "[i]n compliance w[ith] 28 U.S.C. 2244(d)").

[7] Respondent additionally argues that the predicate for Claim 4 could have been discovered in 2012 when Casey was released to mandatory supervision. The Court need not address whether the predicate for Claim 4 was discoverable in 2012 or 2016 because, even using the later date, the claim is time-barred for the reasons stated below.

16, at 8 (citing *Stone v. Thaler*, 614 F.3d 136, 139 (5th Cir. 2010)). This extended Casey's limitations period to Friday, December 15, 2017. Casey's state habeas application, which was filed on December 21, 2017 at the earliest,[8] did not toll the limitations period because it was filed after the one-year limitations period under the AEDPA already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Therefore, statutory tolling does not render Casey's petition timely.

Casey does not argue that he is entitled to equitable tolling under the relevant authorities.[9] He identifies no facts supporting his habeas claims that were not known to him before the limitations period expired and does not identify any "extraordinary circumstance" that prevented him from timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010). Therefore, equitable tolling is not warranted.

Claims 1, 3, and 4 must be dismissed as untimely filed. The Court need not reach Respondent's arguments that the claims also fail on their merits. However, to the extent Casey's claims are based on his arguments that Texas authorities have misapplied Texas statutes or case authority, he fails to state a claim for federal habeas relief for the reasons explained below regarding Claim 2.

---

[8]  As stated above, Casey executed his state habeas application on December 21, 2017. Respondent presents evidence that Casey delivered the application to authorities for mailing on December 28, 2017. The application was docketed with the trial court on January 5, 2018.

[9]  Dkt. 32, at 7-8 (Casey's summary judgment response argues that the case law cited by Respondent regarding equitable tolling does "not apply" to his case because he is challenging street-time credits rather than his conviction).

B. **Claim 2**

In Claim 2, Casey claims that officials are denying him release on mandatory supervision for his 8-year sentence (Dkt. 1, at 6; Dkt. 2, at 5). Respondent argues that Casey has not presented Claim 2 to the Texas Court of Criminal Appeals and therefore failed to exhaust state remedies (Dkt. 16, at 12-14). *See* 28 U.S.C. § 2254(b)(1); *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016); *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). Casey asserts in his summary judgment briefing that his claims are exhausted (Dkt. 32, at 8).[10]

The Court need not decide whether Casey's state habeas application was the "substantial equivalent" of Claim 2 for exhaustion purposes, *see Young*, 835 F.3d at 525, because the claim fails on its merits.[11] Respondent has presented evidence that, under Texas law, Casey is not yet eligible for release on mandatory supervision. As Vest explains, he was ineligible for mandatory supervision release on his 8-year sentence at the time of his conviction:

> Offender Casey was not and is not eligible for release to mandatory supervision on cause number 20,126, aggravated assault with a deadly weapon. Tex. Code Crim. Proc. art 42.18, § 8(c)(5) (1987 Lexis), currently enacted at Tex. Gov't Code § 508.149(a).

---

[10] Casey's state habeas claim pertained to his street-time credit and challenged the aggregate sentence. *See* Dkt. 15-2, at 11 (claim in state habeas application states, "4 yrs. 4 months credits denied[.] TDCJ erroneously and illegally released [Casey] on 8/1/2012 on 30 yr. sen[tence] with a '8 yr sen[tence] cumulatively attached.' [Casey] was revoked and returned on 12/27/2016. TDCJ never paroled the 8 yr. consecutive sentence in violation [of] Art. 42.08/Gov't 508.150")

[11] A federal court may deny a claim on the merits "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

(Dkt. 16-2, at 4). Nevertheless, TDCJ released him in 2012, in compliance with the Texas Court of Criminal Appeals' decision in *Forward*, because he was eligible for mandatory supervision on his 1985 murder conviction. His release date therefore was calculated based on an aggregate 38-year sentence. *See Forward*, 258 S.W.3d at 155. However, when his parole was revoked, Casey forfeited his street-time credit. After his revocation, Casey will be eligible for mandatory supervision release on the aggregate 38-year sentence in 2020 at the earliest (Dkt. 16-2, at 5).

Casey argues strenuously that he actually is eligible for mandatory supervision under Texas law, that TDCJ has miscalculated his release date, that TDCJ has improperly considered him for "discretionary" rather than "non-discretionary" mandatory supervision, that TDCJ improperly forfeited his time credits, and that *Forward* and other Texas case authorities cited by Respondent do not apply to him (Dkt. 32, at 8-15).[12] However, federal habeas relief is available only for a claim that the petitioner has been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000); *see* 28 U.S.C. § 2254(a) (a federal court shall entertain a habeas petition under § 2254 "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"). Casey's eligibility for mandatory supervision release is a

---

[12] *See, e.g.*, Dkt. 32, at 9 (arguing that TDCJ failed to properly apply Texas law when it incorrectly calculated his sentences and "erroneously" released him to mandatory supervision in 2012 "because this was not a proper application of Texas law"); *id*. at 10 (arguing that authorities erroneously applied *Forward* to his case); *id*. at 11 (arguing that his 2012 release on mandatory supervision was "erroneous" under *Ex Parte Kuester*, 21 S.W.3d 264 (Tex. Crim. App. 2000) and *Ex parte Bynum*, 772 S.W.2d 113 (Tex. Crim. App. 1989)).

matter of Texas statute. Under those statutes, as well as authority from the Texas Court of Criminal Appeals interpreting those statutes, Texas authorities have concluded that Casey currently is ineligible for release. Casey's argument that Texas authorities have misconstrued a state statute raises only state law issues, and federal habeas courts "defer to the state courts' interpretation of its statute." *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002) (internal quotation marks and citation omitted). *See Cook v. Morrill*, 783 F.2d 593, 596 (5th Cir. 1986) (dismissing federal habeas claim that the Texas Court of Criminal Appeals "misconstrued" a state statute because the argument "raises only state law issues" and federal courts "will not review a state court's interpretation of its own law in a federal habeas corpus proceeding"). Therefore, Casey fails to state a claim for federal habeas relief.

Finally, to the extent Casey claims that TDCJ violated his due process rights when they denied him release on discretionary parole since his revocation,[13] his claim also fails. Under the Texas scheme, release on parole, unlike release on mandatory supervision, is wholly discretionary.[14] The Fifth Circuit has held that the Texas parole statutes encourage no expectancy of early release, and therefore create no "liberty

---

[13] Respondent states that Casey was reviewed for discretionary parole in February 2017 and was denied (Dkt. 16, at 22). Publicly available online records reflect that Casey again was denied discretionary parole on February 11, 2019. *See* Parole Review Information, available at https://offender.tdcj.texas.gov/OffenderSearch/reviewDetail.action?sid=03542280&tdcj=00402530&fullName=CASEY%2CTONY+HENRY (last visited Aug. 26, 2019).

[14] "Parole" means "the discretionary and conditional release of an eligible inmate . . . so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardons and paroles division." TEX. GOV'T CODE § 508.001(6). *See Jackson v. Johnson*, 475 F.3d 261, 263 n.1 (5th Cir. 2007).

interest" that is protected by the Due Process Clause. *Toney v. Owens*, 779 F.3d 330, 342 (5th Cir. 2015); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

Because federal habeas relief is not available for Casey's claims regarding state law issues, Claim 2 will be dismissed.

IV.    **CERTIFICATE OF APPEALABILITY**

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid

claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability *sua sponte* without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Dkt. 16) is **GRANTED**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 27th day of August, 2019.

George C. Hanks Jr.
United States District Judge